IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TAMMY J. C.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 6:18-cv-00728-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Tammy C. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. The Commissioner agrees that this case should be reversed and remanded, but the parties were unable to agree on the terms of the remand. Therefore, the only

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

Page 1 of 6 – OPINION AND ORDER

issue before the Court is whether this case should be remanded for further proceedings or for payment of benefits. For the reasons provided below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.[2]

## BACKGROUND

Plaintiff was born in 1966 and has at least a high school education. Tr. 23, 267, 269. Plaintiff has worked as a caregiver, customer service representative, gas station attendant, and cashier. Tr. 23. Plaintiff has a long history of substance abuse, with some periods of sobriety and multiple relapses. Tr. 16.

Plaintiff's primary limitations stem from her mental health issues, including alcoholism and drug addiction. Tr. 19. Plaintiff filed applications for disability in February 2014, alleging disability beginning March 1, 2010. Tr. 13, 267-74. Plaintiff had previously filed applications for disability in September 2010, and a prior ALJ found Plaintiff not disabled on September 21, 2012. Tr. 13. The ALJ did not reopen the prior final decision and considered the relevant time period as beginning September 22, 2012. Tr. 13, 14, 24. For Title II purposes, Plaintiff's date last insured was September 30, 2012. Tr. 15.

Following a hearing, the ALJ issued a decision on April 12, 2017, finding Plaintiff not disabled under the Social Security Act. Tr. 10-29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6.

## DISCUSSION

Plaintiff raises the issue of whether the ALJ gave legally sufficient reasons supported by substantial evidence to discount medical opinion evidence and expert testimony. Plaintiff's

---

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

additional arguments hinge on the ALJ's analysis of the medical evidence, including whether Plaintiff's limitations met or equaled a listing. The Commissioner concedes error and takes the position that the ALJ should reevaluate the medical source opinions and conduct a proper drug addiction and alcoholism ("DAA") materiality analysis. Plaintiff argues that the case should be remanded for immediate calculation of benefits. Therefore, the only issue for the Court to decide is the terms of the remand.

The decision whether to remand for further proceedings or for an award of benefits is within the discretion of the Court. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ before ordering an award of benefits. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). Under the credit-as-true rule, the court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the court can exercise its discretion to remand for an award of benefits. *Id.* The court retains flexibility, however, and is not required to credit statements as true because the ALJ made a legal error. *Id.* at 408.

Here, the Commissioner concedes that the ALJ failed to evaluate Plaintiff's substance abuse. The Social Security Act provides that an individual "shall not be considered to be

disabled" if drug addiction of alcoholism would be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). To determine whether drug addiction or alcoholism is a contributing factor material to the determination of disability, the ALJ must assess whether the individual would still be found disabled if he or she stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b), 416.935(b); Social Security Ruling (SSR) 13-2p, *available at* 2013 WL621536. Plaintiff argues that the ALJ did evaluate the materiality of Plaintiff's substance abuse and "specifically found that, pursuant to 20 C.F.R. § 404.1535(b), the Commissioner would not find [Plaintiff] disabled when she 'stopped using drugs or alcohol.'" Plf.'s Br. at 2 (#22). However, after careful review of the ALJ's decision, the Court found no such specific finding. Instead, the ALJ discounted some medical opinions because Plaintiff's mental health symptoms appeared to improve when Plaintiff was sober. For example, the ALJ discounted Dr. Nance's medical opinion because "Dr. Nance did not have an opportunity to review Exhibit B28F, which documents improvement in the claimant's overall functioning in the presence of ongoing sobriety." Tr. 21. The ALJ's reference to this document in support of her decision to discount a doctor's opinion is not a specific finding that the Commission would not find Plaintiff disabled when she stopped using drugs or alcohol. A proper DAA analysis pursuant to SSR 13-2p must be conducted on remand.

Additionally, further proceedings are needed to make factual findings clarifying the dates of sobriety and relapse. Under Title II of the Social Security Act, a claimant must establish disability on or before the date last insured. 42 U.S.C. § 416(i)(3); *Burch v. Barnhart*, 400 F.3d 676, 679-81 (9th Cir. 2005). Plaintiff's date last insured was September 30, 2012. Tr. 15. Because a prior ALJ issued a decision finding Plaintiff not disabled before September 21, 2012, and that record of decision was not reopened, Plaintiff must establish disability between

Page 4 of 6 – OPINION AND ORDER

September 22 and September 30, 2012 in order to be entitled to Title II benefits. While Plaintiff argues that she had been sober for "about two years, from December 2012 through October 2014 with one relapse in July 2013 and *perhaps* a second relapse in October 2013," she has not shown that she was sober and still suffering from mental health limitations during the period of September 22 and September 30, 2012. *See* Plf.'s Br. at 6 (emphasis added). Moreover, Plaintiff argues that the ALJ lacked substantial evidence to conclude that Plaintiff's impairments improved during periods of sobriety. However, Plaintiff's own attempt to clarify when she was sober and when she perhaps relapsed is unclear. Therefore, for both Title II and Title XVI purposes, further proceedings are needed to clarify when Plaintiff was sober in order to determine whether her drug and alcohol use was a contributing factor material to a finding of disability.

Finally, further proceedings are needed to reevaluate the medical opinion evidence in light of a DAA evaluation, including the opinions of Alison Prescott, Ph.D. and John Nance, Ph.D. In discounting Dr. Prescott's opinion, the ALJ indicated that Plaintiff's substance abuse "played a larger role in her difficulties with functioning than indicated by Dr. Prescott." Tr. 21-22. In discounting Dr. Nance's medical opinion, the ALJ reasoned that Dr. Nance did not have sufficient information to form an opinion because he did not have an opportunity to review an exhibit that documented improvement in functioning in the presence of sobriety. Tr. 21. The ALJ was required to conduct a DAA analysis under SSR 13-2p in order to reject these medical opinions on the basis of substance abuse.

Plaintiff also argues that the ALJ should have found she met Listings 12.04 and 12.08 based on Dr. Nance's expert testimony, and that the ALJ should not have ignored the low GAF scores assessed by multiple providers. These arguments are predicated upon the ALJ's analysis

of the medical evidence. Because the Court finds that a reassessment of the medical evidence is needed, the Court need not address these two arguments.

## ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for further proceedings. Upon remand, the ALJ should (1) conduct a DAA materiality analysis pursuant to SSR 13-2p; (2) make factual findings clarifying Plaintiff's dates of sobriety and relapse during the relevant time period; (3) reevaluate all medical opinion evidence in light of a proper DAA materiality analysis, including the opinions of Dr. Prescott and Dr. Nance; and (4) conduct any additional necessary proceedings.

IT IS SO ORDERED.

DATED this 14 day of November, 2019.

MARK D. CLARKE
United States Magistrate Judge